UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DA'VHON YOUNG,

    Plaintiff,

v.                                        Case No. 4:22-cv-464-WS-MJF

STATE OF FLORIDA,

    Defendant.

_____/

### REPORT AND RECOMMENDATION

On December 9, 2022, a Florida grand jury returned an indictment against Plaintiff for first-degree murder. On December 19, 2022, Plaintiff commenced the instant case by filing a document he labeled as a "Notice of Civil Liability Suit Against the State of Florida." Doc. 1. In this "Notice," Plaintiff seeks damages from the State of Florida for alleged deprivations of Plaintiff's constitutional rights. The undersigned construes Plaintiff's "Notice" as a complaint filed pursuant to 42 U.S.C. § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973). Because Plaintiff has failed to state a claim upon which relief can be granted and cannot cure the deficiencies through an amendment, the undersigned respectfully recommends that the District Court dismiss this action pursuant to 28 U.S.C. § 1915A.

Page 1 of 12

## I. BACKGROUND

Plaintiff's claims relate to the State of Florida's ongoing criminal prosecution of Plaintiff for first-degree murder. On October 28, 2022, the police arrested Plaintiff for the murder of Tanya Griner. Doc. 1 at 2. On October 29, 2022, Plaintiff had his initial appearance in the Circuit Court of the Second Judicial Circuit in and for Leon County, Florida. *State v. Young*, No. 2022 CF 003209 (Fla. 2d. Cir. Ct.). On December 9, 2022, a Florida grand jury charged Plaintiff with first-degree murder. *Id.* This criminal prosecution remains pending in the Florida court. *Id.*

The Second Judicial Circuit in and for Leon County, Florida, appointed two public defenders to represent Plaintiff: Aimee Lim and Ashley Alvarez. Doc. 1 at 2. Plaintiff alleges that he has asked his attorneys to file a "motion to dismiss-stand your ground" and a "motion demanding speedy trial." *Id.* Lim explained to Plaintiff that she and Alvarez were working on the motions, but they have not yet submitted the motions. *Id.* Plaintiff further states that his defense attorneys lied to him because they advised him that on December 9, 2022, the State filed an information. Plaintiff asserts that the State has never filed an information or indictment and that the State has never charged him with a crime.

Plaintiff asserts that these actions constitute violations of the Fifth, Sixth, and Fourteenth Amendments. *Id.* at 6. Plaintiff asserts an official-capacity claim against

his public defenders and assistant state attorneys, and names only the State of Florida as a defendant. *See* Doc. 1 at 1, 5. Plaintiff seeks only damages. *Id.* at 5.

## II. STANDARD

Because Plaintiff is a pretrial detainee, the District Court is required to review Plaintiff's complaint, identify cognizable claims, and dismiss the complaint, or any portion thereof, if the complaint is frivolous, is malicious, fails to state a claim upon which relief may be granted, or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)–(b).

A court should dismiss a claim that is not supported by factual allegations that, accepted as true, allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Factual allegations that merely suggest the possibility that the defendant acted unlawfully are insufficient. *See Twombly*, 550 U.S. at 555. A court also should dismiss a claim when the allegations demonstrate that recovery is barred by an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003); *Marsh v. Butler Cnty.*, 268 F.3d 1014, 1022 (11th Cir. 2001).

Courts "hold the allegations of a *pro se* complaint to less stringent standards than formal pleadings drafted by lawyers." *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014). But federal courts "cannot act as de facto counsel or

rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020) (citation omitted).

### III. DISCUSSION

**A.     Eleventh-Amendment Immunity Bars Plaintiff's Claims Against Florida**

Generally, the Eleventh Amendment bars suits by an individual against a State, its agencies, and its employees, unless Congress has abrogated the State's sovereign immunity or the State has consented to the lawsuit. *See Hans v. Louisiana*, 134 U.S. 1, 16–18 (1890); *Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003) (en banc). Congress has not abrogated the States' sovereign immunity in actions for damages under section 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 67–68 (1989); *see Zatler v. Wainwright*, 802 F.2d 397, 400 (11th Cir. 1986). Thus, Plaintiff's claim for $1,000,000 against the State of Florida—and to the extent Plaintiff is suing any State official in his or her official capacity—must be dismissed with prejudice.[1]

---

[1] Under *Ex parte Young* an individual may sue state officers in their official capacities for prospective injunctive relief. *See Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974). Ordinarily, a court must provide a *pro se* litigant one opportunity to amend his complaint before dismissing the complaint with prejudice unless it would be futile to amend. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). An amendment would be futile "if an amended complaint would still fail at the motion-to-dismiss or summary-judgment stage." *L.S. ex rel. Hernandez v. Peterson*, 982 F.3d 1323, 1332 (11th Cir. 2020) (citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)). As discussed below, even if Plaintiff were to amend his claims and assert a claim for injunctive relief, these claims still would be subject to

B.  **The Public Defenders Are Not State Actors**

Assuming that Plaintiff's complaint also asserts individual-capacity claims against Plaintiff's two public defenders, Plaintiff's claims would fail because Plaintiff has failed to allege an essential element of a section 1983 claim.

To state a claim under section 1983, a plaintiff must allege two essential elements: (1) that he was deprived a right secured by the Constitution and laws of the United States, and (2) that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Criminal defense counsel, absent a conspiracy with someone acting under color of law, cannot be sued under section 1983 because they do not act under the color of state law. *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981); *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985); *Richardson v. Fleming*, 651 F.2d 366, 371 (5th Cir. 1981).

Here, Plaintiff asserts that his public defenders are liable because they work for the State and they failed to file a motion to dismiss and a motion for a speedy trial. Plaintiff has not alleged that his counsel acted under the color of state law. Therefore, even if Plaintiff is attempting to assert individual-capacity claims against his attorneys, the District Court would be required to dismiss Plaintiff's claims for failure to state a claim upon which relief can be granted.

---

dismissal because of the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971).

## C. The State Attorneys Are Entitled to Absolute Immunity

Assuming that Plaintiff is asserting individual-capacity claims against the state attorneys prosecuting Plaintiff, Plaintiff failed to state a claim upon which relief can be granted because the state attorneys enjoy absolute immunity.

 "A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government." *Rivera v. Leal*, 359 F.3d 1350, 1353 (11th Cir. 2004) (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)). The initiation and pursuit of a criminal prosecution and appearances before a court are classic examples of actions taken by a prosecutor as a government advocate. *Id.*; *see also Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999).

When a prosecutor simply was performing his function as an advocate for the government, that prosecutor is entitled to absolute immunity regardless of his motive or intent. *See Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989). Thus, absolute prosecutorial immunity applies even where a prosecutor files an information without an investigation, offers perjured testimony, or suppresses exculpatory evidence. *Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009); *Baxter v. Washington*, 201 F. App'x 656, 658 (11th Cir. 2006) (citing *Fullman v. Graddick*, 739 F.2d 553, 559 (11th Cir. 1984)).

Here, Plaintiff asserts that the state attorneys violated Plaintiff's constitutional rights by failing to file an information or indictment that charged Plaintiff with a

crime. Thus, Plaintiff's claim is based on actions taken by the state attorneys while they were performing their function as advocates for the government. The state attorneys, therefore, are entitled to absolute immunity for these actions, and Plaintiff's claims for damages are barred.

**D.     The *Younger* Abstention Doctrine Precludes Injunctive Relief**

Even if Plaintiff were permitted to amend his complaint to include a request for injunctive relief, such a claim would be dismissed under the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37 (1971).

In *Younger*, the Supreme Court held that federal courts should not enjoin a pending state criminal proceeding unless an injunction is necessary to prevent great and immediate irreparable injury. *Id.* at 53–54. As the Supreme Court stated: "[T]he normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions." *Id.* at 45. The Supreme Court's *Younger* decision was based on a strong federal policy against federal-court interference with pending state judicial proceedings. *Id.* at 44 ("[T]he National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways."); *Green v. Jefferson Cnty. Comm'n*, 563 F.3d 1243, 1250 (11th Cir. 2009).

The *Younger* Court noted that abstention was necessary to afford "proper respect for state functions" and legitimate state interests. *Younger*, 401 U.S. at 44.

By "abstaining from exercise of their jurisdiction, the federal courts promote the value of comity between the states and the federal government and avoid unnecessary determinations of federal constitutional questions." *Liedel v. Juv. Ct. of Madison Cnty., Ala.*, 891 F.2d 1542, 1546 (11th Cir. 1990); *First Ala. Bank of Montgomery, N.A. v. Parsons Steel, Inc.*, 825 F.2d 1475, 1483 (11th Cir. 1987).

Thus, under *Younger*, a district court should abstain from adjudicating claims if (1) the federal action would interfere with ongoing qualifying state judicial proceedings; (2) the state proceedings implicate important state interests; (3) the underlying state proceedings afford litigants an adequate opportunity to raise federal claims; and (4) there is no showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Tokyo Gwinnett, LLC v. Gwinnett Cnty., Ga.*, 940 F.3d 1254, 1268 (11th Cir. 2019); *31 Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003).

Generally, the *Younger* analysis is conducted in three steps. First, a court must inquire whether a qualifying state-court proceeding is pending. *Tokyo Gwinnett, LLC*, 940 F.3d at 1267. If so, the court must consider the factors set forth in *Middlesex Cnty. Ethics Comm.*, 457 U.S. at 432, to evaluate whether abstention is appropriate. *Tokyo Gwinnett, LLC*, 940 F.3d at 1267–68. If the court views

abstention as appropriate after consideration of the *Middlesex* factors, the court then must determine whether any exception to *Younger* applies.

### 1.   *A Qualifying State Proceeding Is Pending Against Plaintiff*

*Younger* abstention applies to ongoing state criminal prosecutions. *Sprint Commc'n, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013); *Tokyo Gwinnett, LLC*, 940 F.3d at 1267. Here, the State of Florida is prosecuting Plaintiff for first-degree murder in the Circuit Court of the Second Judicial Circuit in and for Leon County, Florida. *State v. Young*, No. 2022 CF 003209 (Fla. 2d. Cir. Ct.). This prosecution remains pending. Accordingly, this first criterion for *Younger* abstention is satisfied.

### 2.   *The Middlesex Factors Weigh in Favor of Abstention*

At the second step of the *Younger* analysis the District Court must consider whether (1) the federal action would interfere with ongoing qualifying state judicial proceedings; (2) the state proceedings implicate important state interests; and (3) the underlying state proceedings afford litigants an adequate opportunity to raise federal claims. *Middlesex Cnty. Ethics Comm.*, 457 U.S. at 432.

First, "[i]n order to decide whether the federal proceeding would interfere with the state proceeding, [the court] look[s] to the relief requested and the effect it would have on the state proceedings. The relief sought need not directly interfere with an ongoing proceeding or terminate an ongoing proceeding in order for *Younger* abstention to be required." *31 Foster Children*, 329 F.3d at 1276 (citations omitted).

Plaintiff asserts that his counsel has been ineffective in representing him during the state criminal prosecution. He also asserts that the state attorneys failed to properly initiate the criminal prosecution. Adjudication of Plaintiff's claims in this action would interfere with the ongoing state criminal proceedings against Plaintiff. Thus, the first *Middlesex* factor weighs in favor of abstention.

 Second, these state proceedings implicate an important state interest insofar as they are criminal in nature. *Younger*, 401 U.S. at 41–44. The adjudication of criminal cases—which is a facet of crime prevention—is an important state interest, particularly when there are victims involved. *Calderon* v. *Thompson*, 523 U.S. 538, 556 (1998); *United States v. Salerno*, 481 U.S. 739, 750 (1987). "[P]reventing and dealing with crime is much more the business of the States than it is of the Federal Government . . . ." *Patterson v. New York*, 432 U.S. 197, 201 (1977). The "State has a strong sovereign interest in ensuring public safety and criminal justice within its territory, and in protecting all crime victims. . . . The State also has a strong interest in ensuring that criminal offenders—especially violent offenders—are appropriately punished and do not harm others in the State." *Oklahoma v. Castro-Huerta*, 597 U.S. ___, 142 S. Ct. 2486, 2501–02 (2022). Thus, the second *Middlesex* factor weighs in favor of abstention.

 Third, the underlying state criminal proceeding affords litigants an adequate opportunity to raise the federal constitutional claims. *See Daniels v. Geraldi*, 578 F.

App'x 811, 811 (11th Cir. 2014); *see Davis v. Lansing*, 851 F.2d 72, 76 (2d Cir. 1988). The state criminal prosecution and appeal process allows Plaintiff to raise his claims regarding his right to effective assistance of counsel and to a speedy trial. Thus, the third *Middlesex* factor also weighs in favor of abstention.

### 3. *There Are No Exceptions to Younger Applicable to This Case*

Finally, Plaintiff has not alleged bad faith, harassment, or any other extraordinary circumstances that would make abstention inappropriate. Plaintiff further fails to allege any facts which indicate that the "irreparable injury" exception applies. *See Kugler v. Helfant*, 421 U.S. 117, 123–25 (1975) (citing *Younger*, 401 U.S. at 46).

The *Younger* analysis indicates that the District Court should abstain from adjudicating Plaintiff's claims because they relate to Florida's criminal prosecution of Plaintiff for first-degree murder. Thus, allowing Plaintiff to amend his complaint to add a claim for injunctive relief would be futile.

## IV. CONCLUSION

Because Plaintiff has failed to state a claim upon which relief can be granted, and Plaintiff cannot cure this defect by amendment of his complaint, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS**, pursuant to 28 U.S.C. § 1915A, this action for failure to state a claim upon which relief can be granted.

2. **DIRECT** the clerk of the court to close the case file.

At Pensacola, Florida, this 11th day of January, 2023.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2(C);** *see also* **28 U.S.C. § 636(b)(1)(B). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**